UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daniel Batista, | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | CIVIL ACTION - LAW |
| vs. | : | |
| | : | NO: _____ |
| | : | |
| Repsol Oil and Gas USA, L.L.C., | : | (Electronically Filed) |
| Talisman Energy USA, Inc., and | : | |
| J.L. Watts Excavating, Inc., | : | |
| Defendants. | : | |
| | : | |

## **COMPLAINT**

1. Plaintiff, Daniel Batista, (hereinafter "Plaintiff") is an adult citizen of the State of Connecticut with a domicile at 289 Grantville Road, Winchester, Litchfield County, Connecticut.

2. Defendant, Repsol Oil and Gas, USA, L.L.C., (hereinafter "Defendant Repsol") is a Texas limited liability company with a principal place of business in The Woodlands, Montgomery County, Texas.

3. Defendant, Talisman Energy USA, Inc., (hereinafter "Defendant Talisman") is a Delaware corporation with a principal place of business in Warrendale, Allegheny County, Pennsylvania.

4. Defendant, J.L. Watts Excavating, Inc. (hereinafter "Defendant J.L. Watts") is a Pennsylvania corporation with a principal place of business in Pipersville, Bucks County, Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is conferred by 28 U.S.C. § 1332(a) by virtue of the parties' diversity of citizenship and the amount in controversy exceeding seventy-five thousand dollars ($75,000.00).

6. Venue in this District, pursuant to 28 U.S.C. § 1391(a)(2), is proper as a substantial part of the events or omissions giving rise to this cause of action occurred in the Middle District of Pennsylvania.

## BACKGROUND

7. This action relates to an all-terrain vehicle ("ATV") accident that occurred on September 4, 2016 on a parcel of land owned by Margaret Simmons, Plaintiff's grandmother.

8. Said parcel is approximately 21.83 acres located in Pike Township, Bradford County, Pennsylvania and is identified as Tax Assessment Map # 29-52-132.

9. In December of 2010, Defendant Talisman purchased a right of way and easement over the aforementioned property.

10. Defendant Talisman retained Defendant J.L. Watts to construct a private roadway on the easement to facilitate access to a natural gas extraction site that Defendant Talisman operated on the property.

11. Defendants Repsol and Talisman were aware that Plaintiff and his family used the subject roadway.

12. Trespassers on ATVs also frequently used the roadway so, at the request of Plaintiff's father, Defendant Talisman installed a locked gate at the entrance to the roadway. A key was given to Plaintiff's father.

13. Immediately adjacent to the roadway was a steep slope leading to a deep, unprotected, drainage culvert full of large rocks. Said culvert was partially concealed by tall foliage.

14. Said culvert was constructed by Defendant J.L. Watts.

15. Upon information and belief, it is averred that, at some time prior to the date of this accident, Defendant Repsol acquired and/or merged with Defendant Talisman and may have acquired its assets, debts, responsibilities, and liabilities.

## FACTS

16. On September 2, 2016, Plaintiff was operating an ATV along the private roadway owned by Defendant Repsol and/or Defendant Talisman.

17. Plaintiff did not see the culvert which was adjacent to the roadway on which he was traveling.

18. Plaintiff's ATV wheels left the roadway and he was thrown from his ATV into the deep rock-filled drainage culvert, and he sustained serious injuries including, but not limited to:

    a. Fractures of the superior endplate and right transverse process of C7;
    b. Closed nondisplaced fracture of C7;
    c. Focal myoedema at C6-7;
    d. Complex left calvarial fracture with 6mm depression, extending into skull base;
    e. Left epidural hematoma, corrected with surgery;
    f. Contusions noted predominantly in the high left frontal lobe with residual left subdural hematoma extending into the temporal brain;
    g. Subdural hematoma is also noted in the interior of the brain;
    h. Complete collapse of left lung;

    i. Acute respiratory failure;

    j. Autonomic dysreflexia causing dangerous spikes in blood pressure; and

    k. Tetraplegia.

19. As a result of his injuries, Plaintiff has incurred, and will continue to incur, lost income and medical expenses.

**COUNT I**
**Daniel Batista vs. Repsol Oil and Gas, USA, L.L.C. and**
**Talisman Energy USA, Inc.**

20. Plaintiff hereby incorporates Paragraphs 1 through 19 as fully as if the same were set forth at length herein.

21. At all times relevant hereto, Plaintiff was lawfully on the subject roadway and parcel of land.

22. Defendants were negligent in the operation, maintenance, and control of its property in such a manner as to create an unreasonably dangerous condition, i.e., the aforementioned culvert.

23. The careless and negligent conduct of Defendants includes but is not limited to the following:

    a. Failing to inspect and maintain its property in a safe condition.

    b. Failing to warn Plaintiff of the presence of the hazardous condition.

    c. Disregarding the rights and safety of Plaintiff while he was lawfully utilizing Defendants' roadway.

    d. Creating and having actual or constructive notice and awareness of the dangerous and defective condition.

    e. Failing to adequately train its employees and agents to inspect and maintain its property in such a manner as to prevent injuries to individuals such as Plaintiff.

    f. Negligently hiring Defendant J.L. Watts to construct the subject roadway.

    g. Failing to place warnings and/or barricades to prevent individuals from encountering the subject culvert.

    h. Failing to clear the area of overgrown foliage so as to permit roadway users to see the dangerous condition.

    i. Failing to extend the grade of the slope leading to the subject culvert so as to prevent injury.

24. Plaintiff was injured as a direct result of the negligence of Defendants.

WHEREFORE, Plaintiff Daniel Batista requests this Honorable Court to enter judgment in his favor and against Defendants Repsol Oil and Gas, USA, L.L.C. and Talisman Energy USA, Inc. in amount in excess of $75,000.00, exclusive of interest and costs, and award such other relief which this Court may deem appropriate.

## COUNT II
### Daniel Batista vs. J.L. Watts Excavating, Inc.

25. Plaintiff hereby incorporates Paragraphs 1 through 24 as fully as if the same were set forth at length herein.

26. The careless and negligent conduct of Defendant J.L. Watts includes but is not limited to the following:

    a. Constructing the subject culvert in such a manner as to create a hazardous condition to those utilizing the roadway.

    b. Failing to place warnings and/or barricades to prevent individuals from encountering the subject culvert.

    c. Failing to extend the grade of the slope leading to the subject culvert so as to prevent injury.

    d. Failing to inspect the finished roadway and culvert so as to ensure it was safe for individuals utilizing the roadway.

    e. Placing the slope and culvert dangerously close to the roadway.

    f. Filling the culvert with large dangerous rocks that could cause injury.

    g. Failing to adequately train its employees and agents to inspect and construct the roadway in such a manner as to prevent injuries to individuals such as Plaintiff.

27. Plaintiff was injured as a direct result of the negligence of Defendant.

WHEREFORE, Plaintiff Daniel Batista requests this Honorable Court to enter judgment in his favor and against Defendant J.L. Watts Excavating, Inc. in an amount in excess of $75,000.00, exclusive of interest and costs, and award such other relief which this Court may deem appropriate.

### JURY DEMAND

Pursuant to F.R. Civ.P. 38(b), Plaintiff hereby demands a trial by jury.

Respectfully submitted,
**FISHER & FISHER LAW OFFICES, L.L.C.**

Dated: 8-31-2018

*/S/ JOSEPH F. KULESA, ESQUIRE*
ID #203909
3041 Route 940, Suite 107
Mount Pocono, PA 18344
(570) 839-8690
(570) 839-7675 (facsimile)
joseph.kulesa@pocono-lawyers.com
*Attorney for Plaintiff*